## Faulkner v. Faulkner.

(Decided Nov. 29, 1932.)

W. C. HAMILTON for appellant.
LEEBERN ALLEN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Belle Faulkner brought this action against her husband, J. L. Faulkner, to recover alimony in the sum of $10,000. From a judgment awarding her $50 a month, and directing appellant to pay to her attorney a fee of $100, this appeal is prosecuted.

At the outset, appellant challenged the jurisdiction of the Wolfe circuit court both by special demurrer and plea. It is provided by section 76, Civil Code of Practice, that an action for alimony or divorce must be brought in the county where the wife usually resides, if she has an actual residence in this state; if not, in the county of the husband's residence. It developed on the hearing that on February 19, 1931, appellee, who had been living with appellant in Montgomery county, went to her father's home in Wolfe county to visit her children by a former husband. Two days later she received from appellant the following letter:

"Well, Bell, I am not satisfied and I think it is impossible for us to be so I am sending your things to you. I think I have sent all if not will send soon. I do hope you will be happy and may the Lord bless you. Goodbye.

"J. L. F.

"P. S. Send my safety razor. It was given me as a present."

This letter was equivalent to a command not to return to her husband's home. Having been denied the right to return to her husband's home, her father's home was the only home she had. After receipt of the letter, she adopted her father's residence as her own, and continued to maintain her residence there. In the circumstances, her residence was in Wolfe county, and she had the right to maintain the action there. Gooding v. Gooding (Ky.) 42 S. W. 1123, 19 Ky. Law Rep. 967.

Appellant attempted to justify his conduct on the ground that his wife's relations with her former husband had been improper. The record does not disclose that there was any substantial foundation for the charge. The most that can be said is that there were rumors of misconduct, but something more than mere rumor is necessary before the husband is justified in driving his wife from his home. The husband is under a legal duty to support and maintain his wife, and the purpose of a suit for alimony is to enforce the performance of that duty. It not appearing that the wife was at fault, it cannot be doubted that she was entitled to alimony.

The main question for decision is whether the allowance is excessive. At the time proof was taken, appellee owned 343 acres of land in Montgomery county on which there was a mortgage of $16,000. The interest on this loan was $960. According to appellee, the receipts from the farm the year before were about $900. The taxes and insurance amounted to about $1,000 a year. On the other hand, appellee relies upon statements made by appellant to his wife to the effect that he was making from $150 to $250 a month. There was further evidence to the effect that he had been a successful trader. Some allowance, however, must be made for these statements. It is doubtful from the evidence whether the farm will sell for the amount of the debt. Certain it is that with the prices for agricultural products now prevailing, it would be a difficult task for appellant to keep up his interest, insurance, and repairs, pay appellee $50 a month, and still have something for his own support. For the present we

conclude that alimony at the rate of $50 a month is too much, and that $30 a month is a fair and reasonable allowance. Should conditions improve, the chancellor, of course, may increase this amount.

The fee allowed appellee's counsel is not unreasonable.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.